

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
29th Floor
New York, NY 10017
Tel 212-545-4000
Fax 212-972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY NY | GREENVILLE SC | MONMOUTH COUNTY NJ | RALEIGH NC |
| ALBUQUERQUE NM | HARTFORD CT | MORRISTOWN NJ | RAPID CITY SD |
| ATLANTA GA | HONOLULU HI* | NEW ORLEANS LA | RICHMOND VA |
| AUSTIN TX | HOUSTON TX | NEW YORK NY | SACRAMENTO CA |
| BALTIMORE MD | INDIANAPOLIS IN | NORFOLK VA | SALT LAKE CITY UT |
| BIRMINGHAM AL | JACKSONVILLE FL | OMAHA NE | SAN DIEGO CA |
| BOSTON MA | KANSAS CITY REGION | ORANGE COUNTY CA | SAN FRANCISCO CA |
| CHICAGO IL | LAS VEGAS NV | ORLANDO FL | SAN JUAN PR |
| CINCINNATI OH | LONG ISLAND NY | PHILADELPHIA PA | SEATTLE WA |
| CLEVELAND OH | LOS ANGELES CA | PHOENIX AZ | ST. LOUIS MO |
| DALLAS TX | MADISON, WI | PITTSBURGH PA | STAMFORD CT |
| DAYTON OH | MEMPHIS TN | PORTLAND OR | TAMPA FL |
| DENVER CO | MIAMI FL | PORTSMOUTH NH | WASHINGTON DC REGION |
| DETROIT MI | MILWAUKEE WI | PROVIDENCE RI | WHITE PLAINS NY |
| GRAND RAPIDS MI | MINNEAPOLIS MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

**COURTESY COPY - ORIGINAL
FILED VIA ECF**

DIRECT DIAL: (212) 545-4070
EMAIL ADDRESS: TANIA.MISTRETTA@JACKSONLEWIS.COM

January 1, 2020

**VIA ECF AND ELECTRONIC MAIL
(FAILLA_NYSDCHAMBERS@NYSD.USCOURTS.GOV)**

Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, New York 10007

**MEMO ENDORSED**

Re: **Wells v. The Achievement Network, et al.
Case No. 1:18-CV-06588 (KPF)**

Dear Judge Polk Failla:

This firm represents Defendants The Achievement Network Ltd., Kimberly Cockrell, Teimosa Martin and Melinda Spooner ("Defendants") in connection with the above-referenced matter. We submit this fifth letter pursuant to Rule 3(C) of Your Honor's Individual Practices in Civil Cases to dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure ("FRCP") 37(b)(2)(A)(v) and 37(b)(2)(B), and for such other and further relief as the Court deems just and proper, including fees and costs in having to make the instant application, as well as Defendants' third and fourth applications for dismissal.

After Defendants' third letter motion to compel, as well as the parties' appearance before the Court on December 11, the Court ordered, among other things, the parties to confer and find a mutually convenient date for Plaintiff's deposition to occur between January 3 and January 17. After multiple attempts to confer with Plaintiff's counsel to find dates for Plaintiff's deposition, Plaintiff continued to refuse to cooperate to schedule her deposition or make herself available. Accordingly, on December 27, 2019, Defendants wrote to the Court a fourth time to request dismissal of Plaintiff's action pursuant to FRCP 37(b)(2) due to Plaintiff's repeated non-compliance with the Court's prior orders. (Document No. 53).

On December 30, 2019, the Court issued an order compelling Plaintiff to make herself available to be deposed on January 7, 2020. (Document No. 54). On January 1, 2020, Plaintiff's counsel e-mailed the undersigned to advise that he counseled Plaintiff regarding the Court's order, as well as the immediate and final consequences of her non-compliance, and that


nonetheless, Plaintiff is refusing to appear for her deposition on January 7, 2020. A copy of Plaintiff's counsel's January 1, 2020 e-mail correspondence is attached hereto as Exhibit "A."

During the parties' December 11, 2019 Court Conference, the Court noted its concern for Plaintiff's repeated discovery delays, and stated that if Plaintiff continued to fail to comply with the Court's orders, that the Court would entertain sanctions including the costs of Defendants' letters to bring the December 11, 2019 proceeding, as well as any future letters Defendants may have to write to compel Plaintiff's compliance, and that such sanctions could also include dismissal of Plaintiff's case. <u>See</u> relevant excerpts of the transcript from the parties' December 11, 2019 Court Conference attached hereto as Exhibit "B" at p. 22:2-10.

Given the Court's concerns, Plaintiff's counsel was also ordered to provide Plaintiff with a copy of the December 11, 2019 transcript to ensure that Plaintiff was warned that should she continue to violate the Court's orders, that the Court would dismiss Plaintiff's case for failure to comply with her discovery obligations. We understand through Plaintiff's counsel, that Plaintiff was provided a copy of the transcript from the parties' December 11, 2019 proceeding. Furthermore, based on Plaintiff's counsel's January 1, 2020 e-mail attached hereto as Exhibit "A," it further appears that Plaintiff continues to persist to not comply with the Court's orders, despite being advised of the "immediate and final consequences" of her decision to not comply.

Given Plaintiff's repeated, knowing and flagrant disregard of the Court's orders, repeated failure to comply with her discovery obligations, and significant prejudice to Defendants, Defendants request the Court issue an order dismissing Plaintiff's action in its entirety, and award Defendants such other and further relief as appropriate under the circumstances, including the fees and costs incurred in connection with making Defendants' third, fourth and fifth letter motions to compel, respectively Document Nos. 51, 53, and the instant application.

Thank you for your consideration of this matter. Please let us know if you require any additional information.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Tania J. Mistretta*
Tania J. Mistretta

Enclosures

cc: All counsel (via ECF)

The Court is in receipt of Defendant's letter of January 1, 2020, informing the Court that Plaintiff intends to disregard the Court's Order (Dkt. #54) that she make herself available for deposition on January 7, 2020. Defendant seeks the dismissal of Plaintiff's action as a consequence of Plaintiff's recalcitrance, but the Court does not believe that such a harsh sanction is as of yet warranted. Some sanction is required, though. Therefore, assuming Plaintiff refuses to appear for a deposition on January 7, 2020, the Court ORDERS that Plaintiff will henceforth be unable to submit or rely upon any personal testimonial evidence, whether it be from a deposition or live testimony, in this action.

Dated:    January 2, 2020
          New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE